**CONSOLIDATED MASONRY & FIRE-PROOFING, INC., Appellee,**

v.

**WAGMAN CONSTRUCTION CORPORATION, Appellant.**

**No. 11149.**

United States Court of Appeals Fourth Circuit.

Argued June 2, 1967.

Decided Aug. 29, 1967.

Joseph V. Gartlan, Jr., Washington, D. C. (Melrod, Redman & Gartlan, Washington, D. C., on brief), for appellant.

Mark P. Friedlander, Jr., Washington, D. C. (Marshall H. Brooks and Alexander Long Wilson, Arlington, Va., on brief), for appellee.

Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

Plaintiff below, Consolidated Masonry & Fireproofing, Inc. (hereafter Consolidated or plaintiff), filed its complaint in the United States District Court at Alexandria on July 28, 1964, against Wagman Construction Corporation (hereafter Wagman or defendant). The gravamen of this complaint was that the parties had entered into a contract in which Consolidated agreed to perform the brick and masonry work on an apartment building for Wagman, the building contractor; that Wagman had ordered Consolidated off the jobsite and had unilaterally terminated its contract. Consolidated claimed a loss of anticipated net profit in the amount of $11,119.00, and total breach of contract damages of $67,-414.42. Additionally, Consolidated alleged as a cause of action that Wagman made libelous and slanderous statements concerning Consolidated which injured the latter's business and for which injury it sought $200,000.00 as punitive damages.

Plaintiff is a Maryland corporation and defendant is a Virginia corporation; thus, jurisdiction was based on diversity of citizenship and an amount in controversy in excess of $10,000.00.

On July 30, 1964, service was had upon defendant's registered agent in Virginia. Then followed an unusual chain of circumstances upon which Wagman relies in explanation of its failure to answer the complaint. The registered agent sent the suit papers to defendant's tax counsel in Washington, D. C., who, in turn, forwarded them to defendant's general counsel, Stanley Frosh, also in the District of Columbia. The papers were received by the latter during the week of August 9, 1964. Mr. Frosh was not a member of the Virginia bar and he sought to retain Virginia counsel. Accordingly he dictated a letter into a dictating machine sometime between August 9 and August 18. On August 18 he left for vacation. The purpose of this letter was to request Mr. Shadyac, a Virginia attorney, to represent defendant and to have Mr. Shadyac ask plaintiff's counsel to agree to a thirty-day extension of the period in which to file an answer. However, Mr. Frosh's secretary did not prepare and forward this letter until August 22, 1964. The letter came to Mr. Shadyac's attention on August 25, 1964. The following day, August 26, six days after the period in which to answer had expired, default and judgment were entered against defendant.

Wagman claims that its Virginia attorney contacted plaintiff's attorney on August 26, 1964, and was not apprised of the fact that a default and judgment had been entered or were about to be entered. Defendant's counsel prepared a motion for leave to file an answer or other responsive pleading and presented it to the court on August 26, 1964. It was not until November 6, 1964, according to defendant, that its counsel realized that a default and judgment had been entered. Wagman's counsel asserted that between August 26 and November 6, 1964, he had numerous conversations with plaintiff's attorneys and was never told of the true posture of the case. These charges that plaintiff's counsel misled Wagman's counsel are steadfastly denied. Plaintiff asserts that it informed defendant's attorney on August 26 that a default was being sought and would be entered, and that in their sub-

sequent dealings its counsel was completely candid.

On November 10, 1964, defendant filed a written motion to set aside the default and attached to the motion the affidavit of its general counsel. However, no answer was tendered for filing. On November 20, 1964, the court held a hearing to determine whether the default judgment should be set aside. After argument, the court granted the motion to set aside the default judgment but refused to set aside the default and ordered that the case be heard on its merits to determine whether plaintiff was entitled to recover on its claims.

In December 1964, hearings were held before the District Court on a part of plaintiff's claim. In February 1965 defendant filed a motion for reconsideration of the court's refusal to set aside the default which was denied. Thereafter the remainder of plaintiff's case was submitted to a special master who took additional evidence at three hearings in May and June 1965. The special master submitted a report to the District Court, finding that plaintiff suffered damages in the amounts of $8,881.72 and $1,559.86 for extras. These findings were approved and adopted by the court in a memorandum opinion of August 16, 1966. 273 F.Supp. 693. On September 20, 1966, the court held that plaintiff had failed to prove its claims for damages in the cause of action for libel and slander.

On September 20, 1966, final judgment was entered against defendant in the amount of $10,441.58 plus costs and interest from the date of the breach. Defendant's motion to set aside the judgment was subsequently denied by the court and defendant appeals. We affirm.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

■ The disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court. Provident Security Life Insurance Company v. Gorsuch, 323 F.2d 839, 842 (9 Cir. 1963); General Telephone Corp. v. General Telephone Ans. Serv., 277 F.2d 919 (5 Cir. 1960); Hiern v. St. Paul-Mercury Indemnity Company, 262 F.2d 526, 530 (5 Cir. 1959); Williams v. Blitz, 226 F.2d 463 (4 Cir. 1955); Papagianakis v. The Samos, 186 F.2d 257, 263 (4 Cir. 1950); Ferraro v. Arthur M. Rosenberg Co., 156 F.2d 212, 214 (2 Cir. 1946); 6 Moore's Federal Practice ¶ 55.10[1]–[4], pp. 1829–1842 (2d ed. 1966). There is no abuse of discretion in denying such a motion unless it clearly appears that the District Court was clearly wrong in finding that good cause had not been shown for setting aside the default. Provident Security Life Insurance Company v. Gorsuch, supra; Ferraro v. Arthur M. Rosenberg Co., supra.

■ Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense. 6 Moore's Federal Practice, supra. In this case the defendant did not act promptly. The default was entered on August 26, 1964, and the motion to set it aside was not made until November 10, 1964, after more than two and one-half months had elapsed. Defendant's assertion that it was misled or lulled into slumber by plaintiff's attorneys was rejected by the court below. However, it seems that in any case the reasonable and logical course which defendant should have pursued after it was aware that it had failed to answer in time was to immediately check the official records at the clerk's office in order to determine the posture of the case. In this respect the defendant was negligent and the court, on conflicting evidence, rejected defendant's claim that it had no knowledge of the entry of default.

■ Furthermore, the defendant did no more than allege in conclusory fashion that it had a meritorious defense.

It presented no statement of underlying facts to support this conclusion to enable the court to appraise the merits of the claimed defense. Defendant cites authority to support its contention that it was required to do no more than merely allege that it had a meritorious defense. Thorpe v. Thorpe, 124 U.S.App.D.C. 299, 364 F.2d 692 (1966); Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957). While these cases appear to lend implicit support to such a proposition, in the instant case the court, in its inquiry into the merits of the case, sought to have the defendant state underlying facts to support its claim of a meritorious defense. We are not persuaded that a bare allegation of a meritorious defense precludes the court, in its discretion, from requiring disclosure of facts to support such a conclusory assertion. We find that the court did not abuse its discretion, under the circumstances. The defendant did no more than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense.

■ Notwithstanding the defendant's course of action or nonaction in failing to comply with the court's request, the court took evidence and then referred the case to a special master who held three hearings to determine the validity of plaintiff's claim. Both plaintiff and defendant offered evidence before the master in support of their respective positions. The master made detailed findings which were approved by the court after full opportunity to the parties to object thereto. Thus the plaintiff was required to prove its claim for damages by a preponderance of the evidence. In considering and adopting the master's findings the court correctly applied the clearly erroneous rule as provided by Rule 53(e) (2) of the Federal Rules of Civil Procedure.

Under these circumstances we conclude that the court did not abuse its discretion in refusing to set aside the default and in proceeding to final judgment.

Affirmed.