941 F.2d 1207
 20 Fed.R.Serv.3d 844
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOUTH CAROLINA NATIONAL BANK, Plaintiff-Appellee,
v.
Tommy B. BAKER, Defendant-Appellant,
and
Robert L. Jones, Defendant.
 No. 90-1156.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Aug. 19, 1991.
 
 1
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-90-1016-3-0)
 
 
 2
 Herbert William Hamilton, Whaley, McCutchen, Blanton & Rhodes, Columbia, S.C., for appellant.
 
 
 3
 Hamilton Osborne, Jr., Sinkler & Boyd, P.A., Columbia, S.C. (Argued), for appellee; John C. Bruton, Jr., Sinkler & Boyd, P.A. Columbia, S.C., on brief.
 
 
 4
 D.S.C.
 
 
 5
 AFFIRMED.
 
 
 6
 Before WIDENER and NIEMEYER, Circuit Judges, and HERBERT F. MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 HERBERT F. MURRAY, Senior District Judge:
 
 7
 Appellant Tommy B. Baker seeks review of an order by the U.S. District Court for the Southern District of South Carolina, Columbia Division, denying his motion "for an order setting aside default pursuant to Rule 55(c) or setting aside judgment by default pursuant to Rule 60(b) as the case may be." Joint appendix at 17. A district court's disposition of motions made under Rules 55(c) or 60(b) of the Federal Rules of Civil Procedure will not be disturbed by this Court unless by its disposition the district court abused its discretion. Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251 (4th Cir.1967). Because we conclude that the district court did not abuse its discretion in this matter, we affirm.
 
 I.
 
 8
 Appellant Baker was properly served on May 14, 1990, with a summons and complaint filed by appellee South Carolina National Bank (SCN). The complaint named Baker and Robert L. Jones as codefendants, and alleged that Baker and Jones had defaulted on a business loan they had received from SCN. Baker did not file a responsive pleading in the matter within the twenty days required by the rule. On June 7, 1990, SCN filed with the clerk of the court an affidavit of default and a certification and petition for judgment against Baker. On June 15, 1990, twelve days after the deadline for filing had passed, Baker filed an answer and motion to set aside default.
 
 
 9
 Baker advanced essentially three arguments to the district court in support of his motion to set aside:
 
 
 10
 (1) he was under the impression that in order for service of process in North Carolina to be proper, it had to be effected by a uniformed Deputy Sheriff, a condition which did not occur in his case;
 
 
 11
 (2) he was told by co-defendant Jones, who was obligated under the underlying instrument to fully indemnify Baker for any liability Baker might incur under the note, that Jones would talk to the appropriate persons at SCN and resolve the dispute; and
 
 
 12
 (3) he was unaware that Jones, who filed for and received an extension of time for his own response, did not take any legal action with regard to Baker.
 
 
 13
 On July 20 and 23, 1990, a hearing was held on Baker's motion to set aside default and appellee's motion for default judgment. After the conclusion of the hearing on July 23, 1990, the district judge ordered that Baker's motion be denied and that the clerk enter a default against Baker. On August 8, 1990, the court entered an order of judgment in favor of SCN and against Baker in the amount of $943,493.70, plus $26,178.46 in interest and $195.00 for the costs and disbursements of the action. Baker appeals from the order denying his motion to set aside under either Rule 55(c) or 60(b).
 
 II.
 
 14
 Baker argues that this case is governed by Rule 55(c), and not Rule 60(b), because, he claims, "[t]he motion for relief from default ... was filed after entry of default by the Clerk but before entry of judgment." Brief of appellant at 6. Baker asserts that the federal courts "have shown a willingness to grant relief from a default entry more readily and with a lesser showing than in the case of a default judgment." Id. A review of the record before us, however, reveals that Baker's motion to set aside was actually made before the default was even entered. Joint appendix at 3-4. We conclude, in any event, that under either rule the district court's order should be affirmed.
 
 A.
 
 15
 Under Rule 55(c), a district court may set aside an entry of default "for good cause shown." Fed.R.Civ.P. 55(c). Generally, good cause is shown when the movant acts with reasonable promptness to have the default set aside and alleges a meritorious defense. Consolidated Masonry & Fireproofing, Inc., 383 F.2d at 251. We have stated that a meritorious defense requires "a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir.1988). In addition, when reviewing the denial of a motion under Rule 55(c), this Court takes into account the following considerations: the personal responsibility of the movant, the prejudice to the non-movant, whether there is a history of dilatory action, and the availability of less drastic sanctions. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir.1987). Of all these factors, the personal responsibility of the movant has received particular consideration in our prior determinations involving motions to set aside entries or judgments of default. See, e.g., id.; Augusta Fiberglass, 843 F.2d at 811; United States v. Moradi 673 F.2d 725, 728 (4th Cir.1982).
 
 
 16
 In the instant case, the district court cannot be said to have abused its discretion when it concluded that Baker did not show good cause to set aside the order. While Baker may have acted with reasonable promptness by filing a responsive pleading within twelve days of its due date, we concur with the district court's determination that Baker failed to allege a meritorious defense. In his proposed amended answer, Baker asserts nine defenses to plaintiff's complaint, including four counterclaims and one cross-claim. The arguments advanced by Baker in these defenses, counterclaims and cross-claim amount to one basic proposition: that SCN did not lend Baker enough money to properly operate an automobile dealership and that this was in contravention of the terms of the loan commitment letter issued by SCN. Our review of the commitment letter and the record, however, does not reveal any support for these arguments, nor does it indicate that Baker is otherwise entitled to a finding in his favor or that he has made out a good counterclaim or cross-claim. See joint appendix at 29-30. We therefore conclude that the district court's determination that Baker had not asserted a meritorious defense was properly made within its discretion. See Augusta Fiberglass, 843 F.2d at 812.
 
 
 17
 We additionally note that in failing to file a responsive pleading or motion, Baker acted entirely on his own, without any advice or other assistance from counsel. As we stated in Augusta Fiberglass, "[w]hen the party is blameless and the attorney is at fault ... a default judgment should ordinarily be set aside. [However,] [w]hen the party is at fault, ... the party must adequately defend its conduct...." 843 F.2d at 811. We do not find convincing Baker's argument that he was absolved of responsibility for responding to the summons and complaint when Jones told him he would talk to the appropriate person at SCN and resolve the dispute. Jones was acting at the time as Baker's co-defendant, not his attorney, and Baker's reliance on Jones' assurance is an error for which Baker, not SCN, must assume the responsibility. Moreover, the district court, in its discretion, could properly decide that Baker's personal fault outweighed the factors of prejudice to SCN, lack of a history of dilatory action, and the possible availability of less drastic sanctions.
 
 
 18
 For all the above reasons, therefore, we conclude that the district court did not abuse its discretion under Rule 55(c) when it denied Baker's motion.
 
 B.
 
 19
 Under Rule 60(b), a district court may set aside a judgment of default on one of six grounds, the primary ground being "mistake, inadvertence, surprise or excusable neglect." Fed.R.Civ.P. 60(b)(1). Additionally, in United States v. Moradi, we stated that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." 673 F.2d at 727. We have further held in Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 (4th Cir.1974), and more recently in Park Corp. v. Lexington Insurance Co., 812 F.2d 894, 896 (4th Cir.1987), that, in addition to showing reasonable diligence and a meritorious defense, a party seeking to set aside a default judgment must demonstrate that he had an "acceptable excuse" for lapsing into default.
 
 
 20
 While Baker in this instance may have acted with reasonable diligence in seeking to set aside the judgment of default, he did not tender a meritorious defense or demonstrate that he had an "acceptable excuse" for lapsing into default, and therefore the district court acted properly within its discretion when it denied his motion to set aside. In interpreting the requirement that an acceptable excuse be shown before a default judgment will be set aside, we said in Augusta Fiberglass that when the [defaulting] party is blameless, his attorney's negligence qualifies as a 'mistake' or 'excusable neglect' under Rule 60(b)(1).
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 [However,] [w]hen the party is at fault ... the party must adequately defend its conduct in order to show excusable neglect.
 
 
 25
 843 F.2d at 811. In this case, Baker acted alone, and therefore there was no attorney negligence that could qualify as a mistake or excusable neglect. Nor did Baker make a showing of excusable neglect to the district court by adequately defending his conduct. None of the three principal excuses offered by Baker to the district court were "acceptable", and they clearly do not amount to the excusable neglect or mistake required to set aside a default judgment under 60(b)(1). Baker cannot escape the consequences of his own negligence by claiming ignorance of the law of service of process. Nor should his ill-founded reliance on Jones to "resolve the dispute" or take legal action in Baker's behalf qualify as an acceptable excuse to relieve Baker from a liability created by his own fault.
 
 
 26
 We therefore conclude that the district court did not abuse its discretion under Rule 60(b)(1) when it denied Baker's motion to set aside.
 
 III.
 
 27
 Accordingly, because we conclude that the district court did not abuse its discretion under either Rule 55(c) or Rule 60(b)(1) when it denied Baker's motion to set aside, we affirm the judgment of the district court.
 
 
 28
 AFFIRMED.
 
 
 29
 WIDENER and NIEMEYER, Circuit Judges, joined.