**Daniel Johnson WILLIS, Plaintiff,**

**v.**

**MCI TELECOMMUNICATIONS, Bert Roberts, as CEO; MCI Network Services, and Doug Kelly, as Vice President, Defendants.**

**No. 4:97–CV–183–H.**

United States District Court,
E.D. North Carolina,
Eastern Division.

Jan. 8, 1998.

Daniel Johnson Willis, Trenton, NC, Pro se.

Julian H. Wright, Jr., Robinson, Bradshaw & Hinson, Charlotte, NC, for Defendants.

### ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendants' motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the clerk's entry of default filed December 11, 1997, and defendants' motion to allow the *nunc pro tunc* filing of their motion to dismiss and supporting materials. Plaintiff has responded to the motion to set aside the entry of default and defendants have replied. This matter is ripe for disposition.

■ Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." The clear policy of the federal rules is to encourage disposition of claims on their merits. *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969). Generally, good cause is shown when the movant acts with reasonable promptness to have the default set aside and alleges a meritorious defense. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Co.,* 383 F.2d 249, 251 (1967). The Fourth Circuit has stated that all that is necessary to establish the existence of a meritorious defense is a proffer of evidence which, if believed, would permit the court to find for the defaulting party. *Augusta Fi-*

---

*berglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir.1988).

■ Clearly, defendants acted with reasonable promptness in this case to set aside the entry of default. Within eight days after receiving notification of the clerk's entry of default, defendants prepared their motion, affidavit and brief in support to set aside the default. Moreover, plaintiff will not be prejudiced or disadvantaged by the court setting aside the entry of default and allowing the case to proceed on its merits.

Finally, defendants have proffered sufficient evidence of a meritorious defense at this stage of the proceeding to satisfy the *good cause* requirement in Rule 55(c). Viewing defendants' arguments in a favorable light, they contend plaintiff's complaint is insufficient as a matter of law to state a claim for which relief can be granted even under the court's liberal interpretation of the complaint as plaintiff is proceeding *pro se.* In addition, defendants contend that improper parties are named by the plaintiff which warrants dismissal against them at a minimum, if not against all of the remaining defendants.

Accordingly, for good cause shown, the clerk's entry of default against defendants, MCI Telecommunications, Bert Roberts, as CEO; MCI Network Services, and Doug Kelly, as Vice President is hereby SET ASIDE. The defendants' motion to allow the *nunc pro tunc* filing of their motion to dismiss and supporting materials is GRANTED, and the plaintiff has twenty days from the entry of this order to respond to defendants' motion to dismiss.