**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARBON FUEL COMPANY, a
corporation,
<u>Plaintiff,</u>

v.

USX CORPORATION, a corporation;
UNITED STATES STEEL MINING
COMPANY, INCORPORATED, a
corporation,
<u>Defendant & Third Party</u>                                No. 97-1995
<u>Plaintiff-Appellants,</u>

v.

CONSOLIDATION COAL COMPANY;
ARCH MINERALS OF KENTUCKY; OLD
BEN COAL COMPANY; ARCH COAL,
INCORPORATED,
<u>Third Party Defendants-</u>
<u>Appellees.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-93-1073-2)

Argued: March 6, 1998

Decided: August 6, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BROADWATER, United States District Judge for the
Northern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** James Michael Jarboe, LAW DEPARTMENT OF USX CORPORATION, Pittsburgh, Pennsylvania, for Appellants. John Allen Lucas, HUNTON & WILLIAMS, Richmond, Virginia, for Appellees. **ON BRIEF:** James T. Carney, LAW DEPARTMENT OF USX CORPORATION, Pittsburgh, Pennsylvania; Charles L. Woody, SPILMAN, THOMAS & BATTLE, Charleston, West Virginia, for Appellants. Gregory B. Robertson, Bruin S. Richardson, III, HUNTON & WILLIAMS, Richmond, Virginia, for Appellees Old Ben Coal, Arch of Kentucky, and Arch Coal; Anthony J. Polito, POLITO & SMOCK, P.C., Pittsburgh, Pennsylvania, for Appellee Consolidation Coal.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Consolidation Coal Company, Arch of Kentucky, Arch Coal, Inc., and Old Ben Coal Company (Appellees), filed counterclaims against the Appellants, USX Corporation and U.S. Steel Mining Company (collectively USX) seeking indemnification of attorneys' fees incurred in defending a lawsuit brought by USX to settle the parties' contractual obligations for the payment of certain employee benefits following the enactment of the Coal Industry Retiree Health Benefit Act of 1992 (Coal Act), 26 U.S.C. §§ 9701 et seq. When USX failed to respond to the counterclaims in a timely fashion, the clerk noted entry of default against USX. Thereafter, the district court granted summary judgment to the Appellees on USX's claim for liability and, apparently as the result of an oversight, dismissed as moot the Appel-

2

lees' counterclaims for attorneys' fees. On appeal to this Court, we affirmed the district court's grant of summary judgment against USX, but remanded for consideration of the Appellees' claims for attorneys' fees. Following remand, the district court denied a renewed motion by USX to set aside entry of default and granted default judgment in favor of the Appellees.

In the present appeal, USX makes three assignments of error with respect to the district court's judgment. First, USX contends that the district court erred in refusing to set aside the entry of default. Second, USX maintains that the parties' indemnification agreement was rendered unenforceable by passage of the Coal Act. Third, USX argues that the indemnification agreement does not provide for payment of attorneys' fees arising from disputes between parties to the contract. For their part, the Appellees have requested the imposition of sanctions against USX, pursuant to Fed. R. App. P. 38, for the filing of an allegedly frivolous appeal.

We affirm the district court's entry of default judgment against USX and deny the Appellees' motion for relief under Rule 38. We have no occasion to address the remaining issues raised by USX.

I.

In 1982, Carbon Fuel Company (Carbon) reached a settlement with USX, in which USX purchased Carbon's mining equipment and leased its mining properties for a period of fifteen years. During the early 1980s, USX sold a large portion of its mining operations to the Appellees.

In April of 1994, Carbon initiated a lawsuit against USX in federal court, seeking declaratory and injunctive relief regarding what it perceived as USX's contractual responsibility to pay premiums to the United Mine Workers of America Combined Benefit Fund (Combined Fund) for health care benefits payable to certain retired employees who had been assigned to Carbon pursuant to the provisions of the Coal Act. USX denied any liability to Carbon for payments to the Combined Fund, and it counterclaimed against Carbon and instituted a third party action against the Appellees, seeking declaratory relief

3

with respect to the post-Coal Act liability of all parties for contributions to the Combined Fund.

Appellees denied any responsibility for USX's liability to the Combined Fund. In addition, in November of 1994, each brought a counterclaim against USX, seeking indemnification of attorneys' fees and costs under the indemnification and hold harmless provisions of the parties' asset purchase agreements. USX failed to respond to those counterclaims in a timely fashion. On February 15, 1995, USX requested leave to file an untimely reply, which the district court rejected. The clerk then noted entry of default against USX, pursuant to Fed. R. Civ. P. 55(a). Thereafter, the Appellees filed a motion for default judgment under Rule 55(b) or for summary judgment on their counterclaims, and USX moved to set aside entry of default and for reconsideration of its request to file an untimely reply.

On July 5, 1995, the district court granted USX's motion for summary judgment against Carbon, on the ground that the 1992 Coal Act abrogated all pre-enactment agreements regarding liability to the Combined Fund. See Carbon Fuel Co. v. USX Corp. , 891 F. Supp. 1186 (S.D. W. Va. 1995). In addition, the court denied Carbon's motion for summary judgment against USX; denied USX's motion for summary judgment against the Appellees; and granted the Appellees' motions for summary judgment against USX. See generally id. The district court dismissed as moot all other motions before the court, including USX's motions for reconsideration and to set aside entry of default.

Carbon appealed, and a panel of this Court affirmed the grants of summary judgment to USX and the Appellees. See Carbon Fuel Co. v. USX Corp., 100 F.3d 1124 (4th Cir. 1996). However, the Court remanded the Appellees' counterclaims to the district court for further proceedings on the issue of attorneys' fees, which the district court had apparently overlooked in its order. See id.  at 1139. On remand, the district court acknowledged the oversight and denied USX's renewed motions for reconsideration and to set aside entry of default. The court then entered default judgment against USX. This appeal followed.

4

II.

USX challenges the district court's grant of default judgment to the Appellees. According to USX, the district court should have granted its motion to set aside entry of default, since USX's failure to file a timely response was the result of excusable neglect, and since setting aside default would have caused no prejudice to the Appellees.

As a threshold matter, Appellees assert that, under the doctrine of res judicata, USX is barred from challenging the default because it failed to do so in its first appeal. See Washington Post Co. v. United States Dep't of Health & Human Services, 865 F.2d 320, 327 (D.C. Cir. 1989) (noting the "general rule that a party cannot raise anew on remand an issue that it failed to pursue in the appeal"). However, for the doctrine of res judicata to apply, there must have been, among other things, a "final judgment on the merits in a prior suit." Jones v. Securities & Exchange Commission, 115 F.3d 1173, 1178 (4th Cir. 1997), cert. denied, 118 S. Ct. 1512 (1998). Under Rule 55(a), an "entry of default" by the clerk of the court is merely interlocutory; it is a mechanism to provide notice to the defaulting party before default judgment is entered by the court. See 10A Charles Allen Wright et al., Federal Practice & Procedure § 2692 (3rd ed. 1998). Judgment on the matter is not final until the non-defaulting party moves the district court, pursuant to Rule 55(b), for "default judgment." See id. In the case at bar, it is undisputed that, prior to remand, the district court never entered default judgment against USX. Therefore, USX was not entitled, let alone obligated, to raise the issue in its first appeal and is not barred from raising it now.

Moving to the merits, USX argues that the district court erred in denying its renewed motion to set aside entry of default. We review the district court's denial of that motion for an abuse of discretion. See Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (citations omitted) ("The disposition of motions made under Rule[ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."); Wright et al., supra, § 2693 ("Considerable weight is given to the district judge's decision on the motion because the trial judge is the person most familiar with

5

the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.").

USX's motion to set aside entry of default was properly considered under Rule 55(c). That Rule authorizes the district court to set aside entry of default "[f]or good cause shown . . . ." Fed. R. Civ. P. 55(c). Traditionally, we have held that entry of default should be set aside where the moving party alleges a meritorious defense and acts with reasonable promptness. See Consolidated Masonry , 383 F.2d at 251 (citation omitted). In addition to those factors, the district court should consider "the personal responsibility of the[defaulting] party, the prejudice to the [opposing] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (citing United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982)).[1] With those principles in mind, we now consider the merits of USX's appeal.

USX maintains that its failure to file a timely response was the result of excusable neglect arising, in part, from an ambiguous complaint. According to USX, it was not clear from the face of the Appellees' counterclaims that they were in fact counterclaims, as opposed to some other pleading that did not require a response.

We are unpersuaded. As an initial matter, we believe the character of the Appellees' counterclaims was readily apparent. The following counterclaim, filed by Arch Minerals, is typical of those filed by each Appellee:

_____

[1] We have previously emphasized that the clear policy of the federal rules is to encourage whenever possible the disposition of claims on their merits. See Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974). Given that policy, we have held that Rule 55(c) is to be"liberally construed in order to provide relief from the onerous consequences of defaults . . . ." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) (citations omitted). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Id. (citation omitted).

6

**Counterclaim**

> 2. Pursuant to [the parties'] indemnification [agreement], USX is obligated to indemnify and hold harmless Arch from any and all costs and attorneys' fees Arch has incurred and will incur in the defense of USX's Counterclaim and in the prosecution of this Counterclaim.

. . .

> WHEREFORE, Arch requests the Court to enter judgment against USX:
>
> (1) awarding Arch any and all costs and attorneys' fees Arch has incurred and will incur in the defense of USX's Counterclaim and in the prosecution of this Counterclaim.

Although the line between an affirmative defense and a counterclaim may at times be difficult to discern, such is not the case here. Not only were the counterclaims clearly labeled, they were not in the nature of affirmative defenses to USX's claim for declaratory judgment. More importantly yet, counsel for USX has conceded that it was not the ambiguity of the complaints but his own lack of good judgment that led to the default. Counsel points out that at the time the counterclaims arrived on his desk, he was distracted by numerous other matters arising in the course of his duties as in-house counsel for USX. He concedes that, "[i]n retrospect, . . . had[he] engaged in a more thorough review of the issue at the time that the pleading was served, [he] would have concluded to file a response .. . ." While counsel's candor is commendable, we agree with the district court that USX has failed to demonstrate the sort of "good cause" required to set aside entry of default.

Next, although USX now asserts a defense to the Appellees' counterclaims, it failed to do so in its motion to set aside entry of default. In United States v. Moradi, 673 F.2d 725 (4th Cir. 1982), we explained that to establish the existence of a "meritorious defense" the defaulting party must make "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find

7

for the defaulting party," id. at 727 (citing Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 252 n.8 (4th Cir. 1974)). In the present case, although USX attached the following statement from trial counsel explaining the reasons for its negligence, it failed to disclose the basis of its defense to the Appellees' counterclaims:

> As set forth in the various pleadings and filings with this Court, including the various memoranda and appendices filed in support of, and in response to, the cross motions for summary judgment filed by all parties, there exists a compelling and meritorious claim and defense in favor of USX with respect to the substantive matters that are the subject of the counterclaims filed on behalf of [the Appellees].

Contrary to that conclusory statement, nothing in the record at the time would have permitted the district court to ascertain the nature of USX's defense or the facts supporting it.[2] Hence, USX failed to carry its burden of establishing a meritorious defense. See Consolidated Masonry, 383 F.2d at 252 (refusing to set aside default where "the defendant did no more than state that plaintiff breached the contract, a mere conclusion which fell far short of providing the court with a satisfactory explanation of the merits of the defense").

Despite all of this, USX contends that no prejudice would have resulted to the Appellees if the district court had granted its motion to set aside entry of default. However, as the district court correctly observed, USX waited until the discovery cutoff date to file its motion for leave. At that point, if the motion had been granted, Appellees would have suffered considerable prejudice, because USX's response to the counterclaim raised affirmative defenses which, due to the expiration of discovery, the Appellees would have been unable to investigate. At that point, if the district court had granted USX's motion for leave, the court would also have had to grant an extension of the discovery deadline which, in turn, would have required the trial date to be postponed. In light of those concerns, and USX's history of dilatory conduct throughout the litigation,[3] it was within the district

_____

**2** In fact, it was not until USX filed its brief in the instant appeal that it explained the basis of its defense to the Appellees' counterclaims.
**3** At the beginning of the litigation, USX requested and was granted a consent order to extend the time for the filing of its answer and any coun-

court's discretion to conclude that, in the absence of a reasonable excuse, granting USX's motion for leave would have unjustifiably prejudiced the Appellees and would have interfered with the efficient administration of the court's docket. See Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997) ("District courts must be allowed sufficient disciplinary authority to control their dockets. Without the ability to exact significant penalties when parties ignore court orders, district courts would be left with nothing but hollow threats of dismissal."); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-43 (1976) ("There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a[n] . . . order. . . . But [dismissal] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

The Appellees request sanctions against USX, pursuant to Fed. R. App. P. 38, for the filing of an allegedly frivolous appeal. We have carefully considered that motion and now reject it. While we agree that the imposition of default judgment was within the district court's discretion, we cannot say USX's appeal of that judgment is frivolous.

_____

terclaims or affirmative defenses until January 26, 1994. USX then requested and was granted an order to extend that time until March 14, 1994; then again until March 31; and finally to April 15. Even then, USX did not file an answer until April 22, 1994. Later, on July 1, 1994, USX filed a motion, which was granted, to extend to July 15 the time for its reply to several joint motions filed by the Appellees. Then, on July 15, USX filed another motion to extend the time for its response to July 29. The district court denied that request and put the parties "on notice [that] the Court w[ould] consider further extensions of time only reluctantly." Even after being denied an extension of time, USX took one anyway, filing its response on July 26, 1994, along with a motion to file an untimely reply, which was granted. Finally, Appellees filed their counterclaims against USX on November 15 and 23, 1994. Although, under the usual rules of procedure, a response was due within 20 days, USX waited almost 60 days, until the discovery cut-off date of February 15, 1995, to request leave to file an untimely reply.

III.

In summary, we find no abuse of discretion in the district court's refusal to set aside entry of default. We deny the Appellees' motion for sanctions and reject as moot all remaining issues raised in this appeal. The judgment of the district court is therefore

AFFIRMED.

10