**LIFE INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,**

v.

**Jeffrey MONROE, Defendant.**

No. AW–05–633.

United States District Court,
D. Maryland,
Southern Division.

Feb. 6, 2006.

Brian Coleman, Michael J. McManus, Dina M. Gold, Drinker Biddle and Reath LLP, Washington, DC, for Plaintiff.

Rand L. Gelber, Rand Gelber Attorney at Law, Rockville, MD, for Defendant.

## ORDER

WILLIAMS, District Judge.

Presently pending before the Court is Defendant's Motion to Vacate Default Judgment [10]. On March 3, 2005, Plaintiff Life Insurance Company of North America ("Plaintiff") filed a Complaint in this Court. On March 8, 2005, the Clerk's Office issued a Summons as to Defendant Jeffrey Monroe ("Defendant"). Defendant was personally served with the Summons and Complaint on March 9, 2005. On April 18, 2005, the Clerk noted the Entry of Default against Defendant for failure to plead or otherwise respond to the Complaint and the Court entered an Order of Default Judgment against Defendant that same day. On April 24, 2005, Defendant filed the instant Motion to Vacate the April 18 Order of Default Judgment.

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides in pertinent part that a court may set aside a judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect ... or ... any other reason justifying relief from the operation of the judgment." A somewhat more lenient standard is applied to Rule 55(c) motions than to Rule 60(b) motions. *Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F.Supp.2d 712, 714 (D.Md.2001). A default may be set aside under Rule 60(b) where the moving party acts with reasonable promptness and alleges a meritorious defense. *Consol. Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967). To establish a meritorious defense, the moving party should proffer evidence which would permit a finding for the defaulting party. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir.1988). In addition, the moving party must also show that the opposing party would not be prejudiced by having the judgment set aside. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987).

█ Upon consideration of Defendant's Motion to Vacate, and the Opposition thereto, this Court is satisfied that Defendant's Motion to Vacate must be denied. First, Defendant has not shown good cause for his failure to respond to the Summons and Complaint. Defendant asserts that he "was unaware, through ignorance and his unfamiliarity with the legal process that he was required to respond in a timely fashion to the complaint...." However, Defendant was personally served with a Summons that reads "YOU ARE HEREBY SUMMONED and required to serve UPON PLAINTIFF'S ATTORNEY ... an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you .... If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint." Thus, Defendant's unfamiliarity with the legal process does not excuse his failure to respond, as the Summons unequivocally sets out the consequences of failing to answer the complaint. Defendant scheduled a meeting with counsel on April 19, 2005, well after the March 29 response deadline. Under Rule 60, "[w]hen the party is blameless and the attorney is at fault ... a

default judgment should ordinarily be set aside. When the party is at fault … the party must ordinarily defend its conduct in order to show excusable neglect." *Augusta Fiberglass,* 843 F.2d at 811. Here, the party himself is largely to blame for the default, and he has not provided the Court with an adequate explanation for his failure to timely defend the claim brought against him.

Moreover, even if the Court were to find excusable neglect, Defendant has failed to assert a meritorious defense to Plaintiff's claims. Plaintiff has alleged that Defendant is a participant in an ERISA employee benefit plan ("the Plan"). The Plan provides for long-term disability insurance, yet also contains a reimbursement provision that applies when the employee receives both disability benefits and some "Other Income Benefit," such as a workers' compensation award. Here, Defendant has not disputed that he received both disability benefits and a workers' compensation award (thereby entitling Plaintiff to recover the amount of the overpayment). Defendant argues only that he is unaware of the Plan's reimbursement provision. Ignorance of the terms of the Plan is not a meritorious defense. *See Augusta Fiberglass,* 843 F.2d at 812 (defaulting party generally required to proffer evidence that would permit a finding in his favor).

For the aforementioned reasons, IT IS, this 6th day of February 2006, by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendant's Motion to Vacate Default Judgment [10] BE, and the same hereby IS, DENIED;

2. That the Clerk of the Court transmit copies of this Order to all parties and counsel of record.