In the Matter of the Complaint of CO-LUMBIA LEASING L.L.C, as Previous Owner, Columbia Coastal Transport, L.L.C., as Present Owner and Previous Owner Pro Hac Vice of the Barge Columbia Houston, Official No. 694869, and its Employee, Larry Ward, Plaintiff–Petitioners,

v.

John R. Mullen, II and Karen Mullen, Claimants,

v.

Ceres Marine Terminals, Inc, and Ceres Marine Terminals Incorporated, Claimants.

Civil Action No. 2:12cv678.

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 7, 2013.

Patrick M. Brogan, Esq., Philip N. Davey, Esq., for Plaintiff.

Lance A. Jackson, Esq., for Claimants John R. Mullen, II and Karen Mullen.

John E. Holloway, Esq., Barry J. Barlow, Esq., for Claimants Ceres Marine Terminals, Inc. and Ceres Terminals Incorporated.

### MEMORANDUM ORDER

MARK S. DAVIS, District Judge.

This matter is before the Court on a motion for default judgment filed by Plain-tiffs Columbia Leasing, L.L.C. ("Columbia Leasing"), Columbia Coastal Transport, L.L.C. ("Columbia Coastal"), and Larry Ward ("Ward") (collectively "Plaintiffs"). Columbia Leasing seeks default judgment against Claimants John R. Mullen, II and Karen Mullen (collectively "the Mullens"), Ceres Marine Terminals, Inc. and Ceres Terminals Incorporated (collectively "Ceres"), and "all other parties ... failing to file a claim by April 11, 2013." ECF No. 45 at 4. Columbia Coastal and Ward seek default judgment against all parties "failing to file [a claim] by April 11, 2013, other than [the Mullens and Ceres], who have filed a claim in this action." *Id.* In response, the Mullens seek to set aside default as to Columbia Leasing.

After examination of the record of this matter as a whole, the Court has determined that a hearing on the instant motion is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process would not be aided significantly by oral argument. Fed.R.Civ.P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons stated herein, the Motion for Default Judgment by Columbia Coastal and Ward is **GRANTED,** and the Motion for Default Judgment by Columbia Leasing is **GRANTED IN PART** and **DENIED IN PART.** The Mullens' motion to set aside default as to Columbia Leasing is **GRANTED.**

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Mullens filed a personal injury suit against Plaintiffs in Portsmouth Circuit Court for an incident occurring at the Portsmouth Marine Terminal ("PMT") on August 31, 2009. Mr. Mullen claimed he was injured while being transported in a metal cage on the forks of a forklift from the dock to the barge COLUMBIA HOUS-

TON, which was docked at PMT. On December 13, 2012, Plaintiffs filed in this Court a Complaint for exoneration from or limitation of liability. ECF No. 1. In the Complaint, Columbia Leasing asserted that, although it owned the barge at the time of the incident, it had bareboat chartered the barge to Columbia Coastal. *Id.* at ¶ 4.

On February 28, 2013, the Court issued an order giving notice "to all persons asserting claims for any and all losses, damages, or injuries allegedly resulting from or incident to the occurrences and happenings recited in the complaint to file their respective claims . . . on or before the 11th day of April, 2013." ECF No. 11 at 2–3.

On April 5, 2013, the Mullens filed an Answer and Claims, ECF No. 13, and on April 23, 2013, an Amended Answer, Claims, and Crossclaims, ECF No. 19. In both the Answer and Amended Answer, the Mullens asserted that the Court lacked subject matter jurisdiction over Columbia Leasing, that Columbia Leasing lacked standing to seek relief, and that Columbia Leasing was not entitled to seek relief because it "was an owner out of possession and control of the barge COLUMBIA HOUSTON." ECF No. 13 at ¶¶ 19–21; ECF No. 19 at ¶¶ 19–21. Also, in both pleadings, the Mullens asserted claims in this Court against Columbia Coastal and Ward, but "ma[d]e no claim herein against Plaintiff Columbia Leasing." ECF No. 13 at 7; ECF No. 19 at 7.[1]

On July 8, 2013, the Clerk of this Court entered default against "All parties failing to file a claim In the matter of the Complaint of Columbia Leasing L.L.C. as Previous Owner, and Columbia Coastal Transport, L.L.C." ECF No. 44.[2] Columbia Leasing now requests that the Court grant its motion for default judgment against all parties "failing to file a claim by April 11, 2013," including by name the Mullens and Ceres. ECF No. 45 at ¶ 13. Columbia Coastal and Ward request default judgment against all persons, other than the Mullens and Ceres, who failed to file a claim by April 11, 2013. *Id.* at ¶ 14.

Although the Mullens do not object to the motion for default judgment as to Columbia Coastal and Larry Ward, they have filed a brief in opposition as to Columbia Leasing. ECF No. 49. The Mullens deny that default has been entered against them as to Columbia Leasing because their responsive pleadings sufficiently raised relevant defenses as to whether Columbia Leasing could rightfully seek relief under the Limitation of Liability Act. In the event that the Mullens *are* in default, however, they move that the default be vacated for good cause. *Id.* at 2. Columbia Leasing filed a reply brief on September 4, 2013. ECF No. 50. Accordingly, this motion is ripe for review.

## II. STANDARD OF REVIEW

■ Rule 55 of the Federal Rules of Civil Procedure provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Af-

---

**1.** On April 11, 2013, Ceres filed an Answer and Claim. ECF No. 14. Thereafter, on April 23, 2013, the Mullens also asserted crossclaims against Ceres in their Amended Answer, Claims, and Crossclaims. *See* ECF No. 19 at 13–18.

**2.** Although Ward was listed as a Plaintiff–Petitioner on the Request for Entry of Default,

ECF No. 34, his name was inadvertently omitted from the Clerk's Entry of Default. The Court now grants default on Ward's request for default against all "parties" failing to file a claim, and considers Ward's motion for default judgment against such "parties" as timely and ripe.

ter the Clerk of Court has entered default, the plaintiff may seek a default judgment. *See* Fed.R.Civ.P. 55(b). "Entry of default," however, "raises no protectable expectation that a default judgment will follow." *Colleton Preparatory Acad., Inc. v. Hoover Universal,* 616 F.3d 413, 419 n. 6 (4th Cir.2010). Rather, entry of default judgment is left to the sound discretion of the trial court. *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 203 (4th Cir.2006).

■ In any event, "[t]he court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). This, too, "is a matter which lies largely within the discretion of the trial judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,* 383 F.2d 249, 251 (4th Cir.1967). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad.,* 616 F.3d at 417. Unlike a Rule 60(b) motion that seeks relief from *judgment,* which necessarily implicates an interest in finality, "Rule 55(c)'s 'good cause' standard ... is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.* at 420. The Fourth Circuit has therefore noted that "the extreme sanction of judgment by default is reserved for only cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mobil Oil Co. De Venez. v. Parada Jimenez,* 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir.1993) (unpublished table decision).

## III. DISCUSSION

As a preliminary matter, the Court notes that the Mullens do not contest the motion filed by Columbia Coastal and Ward seeking default judgment against those other than the Mullens and Ceres who have failed to file a timely claim. Nor do the Mullens dispute Columbia Leasing's entitlement to default judgment against all parties, generally, who have failed to file a claim by April 11, 2013. The Mullens oppose Columbia Leasing's motion for default judgment only to the extent it specifically identifies the Mullens as parties who have failed to file a claim. Accordingly, the following discussion pertains only to the motion by Columbia Leasing seeking default judgment against the Mullens.

The Mullens argue that they are not in default because they "did not fail to plead or otherwise defend against the Complaint ... as is required by Fed.R.Civ.P. 55(a)." ECF No. 49 at 6. The Mullens assert that they raised relevant defenses as to Columbia Leasing's right to seek relief under the Limitation of Liability Act and that they declined to bring a claim against Columbia Leasing only because they had no evidence contradicting Columbia Leasing's assertion that it had bareboat chartered the barge to Columbia Coastal at the time of the incident. *Id.* Alternatively, the Mullens assert that, if the Court determines they are in default, such default should be vacated and Columbia Leasing's motion for default judgment should not be granted as to them. *Id.* at 2, 10–11.

### A. Rule 55(a)—"Plead or Otherwise Defend"

■ For the purposes of Rule 55(a), a party may avoid default judgment by filing a responsive pleading or by "otherwise defend[ing]." Fed.R.Civ.P. 55(a). A proper pleading may include an answer, a complaint, or a reply to an answer. *See* Fed. R.Civ.P. 7(a) (listing permitted pleadings). "The words 'otherwise defend' refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which

might prevent a default if pursued in the absence of a responsive pleading." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 (3d ed.2013). "Thus, a motion challenging the complaint for failure to state a claim upon which relief can be granted is within the notion of 'otherwise defend.'" *Id.*

In this case, the Mullens filed two pleadings in response to Plaintiffs' Complaint—an Answer and Claims, ECF No. 13, and an Amended Answer, Claims, and Cross-claims, ECF No. 19. In both pleadings, the Mullens admitted, denied, or asserted that they lacked sufficient information or were not required to admit or deny, each numbered paragraph of Plaintiffs' Complaint. In addition, the Mullens presented Grounds of Defense, in which they challenged Columbia Leasing's standing to seek relief, the Court's subject matter jurisdiction over Columbia Leasing, and the Complaint itself for failing to state a claim upon which relief can be granted. Thus, the Mullens satisfied the "plead or otherwise defend" requirement of Rule 55(a). Nevertheless, the Court must determine if the Mullens are in default for failing to specifically file a claim against Columbia Leasing, as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Admiralty Rules").

### B. Supplemental Admiralty Rule F(5)—Claims and Answers

Once the Court issues notice to all potential claimants regarding a vessel owner's complaint seeking exoneration from or limitation of liability, claimants are instructed that their claims against the vessel "shall be filed and served on or before the date specified in the notice." Supplemental Admiralty Rule F(5). "Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the

same accrued." *Id.* A claimant may also contest the right to exoneration from or limitation of liability by filing an answer to the complaint, "unless the claim has included an answer." *Id.* In other words, a claimant is not *required* to file an answer contesting a plaintiff's right to seek exoneration or limitation, but to preserve his right to recover from the limitation fund, he must file a claim. *See In re Triton Asset Leasing GmbH*, 719 F.Supp.2d 753, 757–58 (S.D.Tex.2010) (citing decisions by courts "considering the question of whether claimants must file claims and/or answers before they can request relief from the court"); 3 *Benedict on Admiralty* § 12[C], at 2–21 (7th ed. rev.2010) (noting that, upon the potential claimant's receipt of notice of the limitation action, "the first pleading which must be filed is the Claim, which may also include an Answer if the claimant desires to conte[s]t the right to exoneration or limitation"); *see also In re Am. River Transp. Co.*, 728 F.3d 839, 844 (8th Cir.2013) (holding party lacked standing to contest the complaint "because it failed to file a claim in accordance with Rule F(5)"); *In re Beauvois*, 2010 WL 5055833, at *2, 2010 U.S. Dist. LEXIS 133174, at *5 (M.D.Fla.2010) ("Simply filing an answer is not sufficient because a person who has not presented a claim for damages may not then answer the limitation claim and contest the allegations therein."); *but see Am. River Transp.*, 728 F.3d at 847 (Riley, J., dissenting) (observing that "[n]othing in Rule F bars a person who has *not* asserted a claim in the limitation action (i.e., a person who is not a 'claimant') from contesting either the right to exoneration from or the right to limitation of liability without filing a claim or answer" (brackets and internal quotation marks omitted)).

Here, the Court ordered "all persons asserting claims for any and all losses" to

file their claims for those losses "on or before the 11th day of April, 2013." ECF No. 11 at 2–3. The Mullens timely filed claims against Columbia Coastal and Ward, as well as their answer "contest[ing] [Columbia Leasing's] right to exoneration from or limitation of liability," but the Mullens failed to file a claim against Columbia Leasing, as required by Supplemental Admiralty Rule F(5). Thus, the Court finds that the Mullens are in default under the Supplemental Admiralty Rules for failing to file a claim against Columbia Leasing by April 11, 2013. *Accord In re Lenzi*, 1989 WL 146659, at *1, 1989 U.S. Dist. LEXIS 14426, at *3 (E.D.Pa.1989) (declining to consider potential claimant's answer because he had not first filed a claim).

The Mullens admit they purposely did not file a claim against Columbia Leasing because they lacked evidence contrary to Columbia Leasing's assertion that it had bareboat chartered the barge to Columbia Coastal. The Mullens also concede that, "if Columbia Leasing in fact bareboat chartered the barge, Columbia Leasing faces no potential liability to the Mullens." ECF No. 49 at 6. Nonetheless, the Mullens assert that they will now be prejudiced by entry of default judgment resulting from their failure to specifically file a claim against Columbia Leasing, and that such default judgment would result in the near impossibility of later filing a claim against Columbia Leasing "if further discovery reveals that Columbia Leasing, L.L.C. did in fact exercise some dominion and control over the barge." *Id.* at 10. Accordingly, the Court must now determine whether to vacate the entry of default as to the Mullens and allow them to file a late claim against Columbia Leasing.

## C. Supplemental Admiralty Rule F(4)—Extension of Time

 "For cause shown, the court may enlarge the time within which claims may be filed." Supplemental Admiralty Rule F(4). Furthermore, "the trial court has wide discretion in determining whether to permit the filing of late claims under the Rule." *In re Nakliyati*, 1990 AMC 161, 1989 WL 128581, at *5, 1989 U.S. Dist. LEXIS 13195, at *14–15 (E.D.N.Y.1989). "[T]he court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice. Specifically, a showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is sufficient." *Petition of World Tradeways Shipping, Ltd.*, 1967 A.M.C. 381, 381 (S.D.N.Y.1966); *see also Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir.2001) (noting that "late claimants in admiralty proceedings need not show 'good cause,'" and "an explanation rather than a justification for the delay will suffice"). In other words, "'so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims … upon a showing of reasons therefore.'" *Sagastume v. Lampsis Navigation Ltd.*, 579 F.2d 222, 224 (2nd Cir.1978) (quoting *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359 (5th Cir.1963)).

The Mullens have provided "an explanation" for failing to file a claim against Columbia Leasing, *Alter Barge Line*, 272 F.3d at 397, although the Court notes that perhaps a better course of action might have been to timely file a claim that could be withdrawn after the Mullens verified Columbia Leasing's assertion regarding the bareboat charter. Additionally, the Court observes that the limitation trial in this case does not commence until April 15, 2014, and thus the granting of extra time for the Mullens to file a claim against Columbia Leasing, if they have not already

verified the status of the bareboat charter, would not delay the disposition of the case.

The Mullens have also asserted the potential prejudice that may result upon an entry of default judgment. Columbia Leasing does not claim that it would be prejudiced by a late claim, although it does assert that the Mullens' argument is a "waste ... of the court's time and [Columbia Leasing's] time and money." ECF No. 50 at 6. In any event, because the Mullens have timely asserted claims against Columbia Coastal, as owner *pro hac vice* of the barge, and Larry Ward, as agent of the barge, an additional claim by the Mullens against Columbia Leasing should not affect the ultimate liability of Columbia Leasing "as the vessel owner." *Id.* at 5. Moreover, because Columbia Leasing "continues to bear the risk of liability as a vessel owner in Mullen's state court action," *id.*, it must prepare to defend against the Mullens' claims, whether in state court or in this Court. Thus, it does not appear that Columbia Leasing will be prejudiced if the Mullens are permitted to file a late claim.

Accordingly, the Court finds that Columbia Leasing's request for default judgment against the Mullens is not warranted. Furthermore, because the Court finds that "no party will be prejudiced by permitting an extension," *World Tradeways Shipping,* 1967 A.M.C. at 381, the Court exercises its "wide discretion" to vacate entry of default against the Mullens and to permit the Mullens to file a claim, if they so wish, against Columbia Leasing, *In re Nakliyati,* 1990 AMC 161, 1989 WL 128581, at *5–6, 1989 U.S. Dist. LEXIS 13195, at *14–15.

### IV. CONCLUSION

The uncontested motion for default judgment by Columbia Coastal and Larry Ward against all persons, other than the Mullens and Ceres, who have failed to file a claim by April 11, 2013, ECF No. 45, is **GRANTED.** Columbia Leasing's motion for default judgment against the Mullens, ECF No. 45, is **DENIED.** Columbia Leasing's motion for default judgment against Ceres, and all other interested parties failing to file a claim by April 11, 2013, ECF No. 45, is **GRANTED.** The Mullens' request to set aside default as to Columbia Leasing, contained in their brief in opposition, ECF No. 49, is **GRANTED.** The Mullens are **ORDERED** to file a claim, if they still wish to do so, against Columbia Leasing within ten (10) days of the date of filing of this Order.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**