**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KELLY PAYNE, personal
representative of the Estate of
Eduardo Calzada,

                *Plaintiff-Appellee,*

        v.

MARK BRAKE, Officer for the City
of Charlottesville; KELLY HARRISON,
Officer for the City of
Charlottesville; MARK GILLESPIE,
Officer for the County of
Albemarle; C. SCOTT MILLER,
Officer for the County of
Albemarle-Charlottesville Regional
Jail; FRANK JOHNSON, Sergeant for
the Albemarle-Charlottesville
Regional Jail; MICHAEL FEHL,
Sergeant for the Albemarle-
Charlottesville Regional Jail;
CHRISTOPHER A. BIBB, Officer for the
Albemarle-Charlottesville Regional
Jail; KEITH BAZEMORE, Officer for
the Albemarle-Charlottesville
Regional Jail; FRED KIRSCHNICK,
Officer for the Albemarle-
Charlottesville Regional Jail;
GERALD PATRICK KINLAW, Officer for
the Albemarle-Charlottesville
Regional Jail; EDDIE SHIFFLET,
Officer for the Albemarle-
Charlottesville Regional Jail;

No. 04-2348

GARY FERLAND, Officer for the Albemarle-Charlottesville Regional Jail; ASIBERIA IGBANI, Officer for the Albemarle-Charlottesville Regional Jail; JEROME HILL, Officer for the Albemarle-Charlottesville Regional Jail; PHILLIP BARFIELD, Officer for the Albemarle-Charlottesville Regional Jail; BILLY BINGLER, Officer for the Albemarle-Charlottesville Regional Jail; JOHN WOODSON, Officer for the Albemarle-Charlottesville Regional Jail; SHEILA COLEY, Nurse for the Albemarle-Charlottesville Regional Jail; JOHN ISOM, Superintendent of the Albemarle-Charlottesville Regional Jail, in his official and individual capacities; ROBERT BEATTY, Deputy Superintendent of the Albemarle-Charlottesville Regional Jail, in his official and individual capacities; ALBEMARLE-CHARLOTTESVILLE REGIONAL JAIL AUTHORITY; ALBEMARLE-CHARLOTTESVILLE REGIONAL JAIL BOARD,

*Defendants-Appellants,*

and

CHERYL A. THOMPSON, Magistrate for the 16th Judicial District,

*Defendant.*

KELLY PAYNE, personal
representative of the Estate of
Eduardo Calzada,
                    *Plaintiff-Appellee,*

                v.

MARK BRAKE, Officer for the City
of Charlottesville; KELLY HARRISON,
Officer for the City of
Charlottesville; MARK GILLESPIE,
Officer for the County of
Albemarle; C. SCOTT MILLER,
Officer for the County of
Albemarle-Charlottesville Regional
Jail; FRANK JOHNSON, Sergeant for
the Albemarle-Charlottesville
Regional Jail; MICHAEL FEHL,                No. 04-2356
Sergeant for the Albemarle-
Charlottesville Regional Jail;
CHRISTOPHER A. BIBB, Officer for the
Albemarle-Charlottesville Regional
Jail; KEITH BAZEMORE, Officer for
the Albemarle-Charlottesville
Regional Jail; FRED KIRSCHNICK,
Officer for the Albemarle-
Charlottesville Regional Jail;
GERALD PATRICK KINLAW, Officer for
the Albemarle-Charlottesville
Regional Jail; EDDIE SHIFFLET,
Officer for the Albemarle-
Charlottesville Regional Jail;

GARY FERLAND, Officer for the Albemarle-Charlottesville Regional Jail; ASIBERIA IGBANI, Officer for the Albemarle-Charlottesville Regional Jail; JEROME HILL, Officer for the Albemarle-Charlottesville Regional Jail; PHILLIP BARFIELD, Officer for the Albemarle-Charlottesville Regional Jail; BILLY BINGLER, Officer for the Albemarle-Charlottesville Regional Jail; JOHN WOODSON, Officer for the Albemarle-Charlottesville Regional Jail; SHEILA COLEY, Nurse for the Albemarle-Charlottesville Regional Jail; JOHN ISOM, Superintendent of the Albemarle-Charlottesville Regional Jail, in his official and individual capacities; ROBERT BEATTY, Deputy Superintendent of the Albemarle-Charlottesville Regional Jail, in his official and individual capacities; ALBEMARLE-CHARLOTTESVILLE REGIONAL JAIL AUTHORITY; ALBEMARLE-CHARLOTTESVILLE REGIONAL JAIL BOARD,

*Defendants-Appellants,*

and

CHERYL A. THOMPSON, Magistrate for the 16th Judicial District,

*Defendant.*

KELLY PAYNE, personal
representative of the Estate of
Eduardo Calzada,

*Plaintiff-Appellee,*

v.

MARK BRAKE, Officer for the City
of Charlottesville; KELLY HARRISON,
Officer for the City of
Charlottesville; MARK GILLESPIE,
Officer for the County of
Albemarle; C. SCOTT MILLER,
Officer for the County of
Albemarle-Charlottesville Regional
Jail; FRANK JOHNSON, Sergeant for
the Albemarle-Charlottesville
Regional Jail; MICHAEL FEHL,
Sergeant for the Albemarle-
Charlottesville Regional Jail;
CHRISTOPHER A. BIBB, Officer for the
Albemarle-Charlottesville Regional
Jail; KEITH BAZEMORE, Officer for
the Albemarle-Charlottesville
Regional Jail; FRED KIRSCHNICK,
Officer for the Albemarle-
Charlottesville Regional Jail;
GERALD PATRICK KINLAW, Officer for
the Albemarle-Charlottesville
Regional Jail; EDDIE SHIFFLET,
Officer for the Albemarle-
Charlottesville Regional Jail;

No. 04-2357

GARY FERLAND, Officer for the
Albemarle-Charlottesville Regional
Jail; ASIBERIA IGBANI, Officer for the
Albemarle-Charlottesville Regional
Jail; JEROME HILL, Officer for the
Albemarle-Charlottesville Regional
Jail; PHILLIP BARFIELD, Officer for
the Albemarle-Charlottesville
Regional Jail; BILLY BINGLER,
Officer for the Albemarle-
Charlottesville Regional Jail; JOHN
WOODSON, Officer for the
Albemarle-Charlottesville Regional
Jail; SHEILA COLEY, Nurse for the
Albemarle-Charlottesville Regional
Jail; JOHN ISOM, Superintendent of
the Albemarle-Charlottesville
Regional Jail, in his official and
individual capacities; ROBERT
BEATTY, Deputy Superintendent of
the Albemarle-Charlottesville
Regional Jail, in his official and
individual capacities; ALBEMARLE-
CHARLOTTESVILLE REGIONAL JAIL
AUTHORITY; ALBEMARLE-
CHARLOTTESVILLE REGIONAL JAIL
BOARD,
                    *Defendants-Appellants,*

                        and

CHERYL A. THOMPSON, Magistrate
for the 16th Judicial District,
                            *Defendant.*

KELLY PAYNE, personal
representative of the Estate of
Eduardo Calzada,
                    *Plaintiff-Appellant,*

                    v.

KELLY HARRISON, Officer for the
City of Charlottesville; MICHAEL
FEHL, Sergeant for the Albemarle-
Charlottesville Regional Jail;
CHRISTOPHER A. BIBB, Officer for the
Albemarle-Charlottesville Regional
Jail; KEITH BAZEMORE, Officer for
the Albemarle-Charlottesville
Regional Jail; EDDIE SHIFFLET,
Officer for the Albemarle-
Charlottesville Regional Jail; PHILLIP
BARFIELD, Officer for the
Albemarle-Charlottesville Regional
Jail,
                    *Defendants-Appellees,*                    No. 04-2424

                    and

MARK BRAKE, Officer for the City
of Charlottesville; C. SCOTT MILLER,
Officer for the County of
Albemarle-Charlottesville Regional
Jail; MARK GILLESPIE, Officer for the
County of Albemarle; FRANK
JOHNSON, Sergeant for the
Albemarle-Charlottesville Regional
Jail; FRED KIRSCHNICK, Officer for
the Albemarle-Charlottesville
Regional Jail; GERALD PATRICK
KINLAW, Officer for the Albemarle-
Charlottesville Regional Jail;

GARY FERLAND, Officer for the
Albemarle-Charlottesville Regional
Jail; ASIBERIA IGBANI, Officer for the
Albemarle-Charlottesville Regional
Jail; JEROME HILL, Officer for the
Albemarle-Charlottesville Regional
Jail; BILLY BINGLER, Officer for the
Albemarle-Charlottesville Regional
Jail; JOHN WOODSON, Officer for the
Albemarle-Charlottesville Regional
Jail; SHEILA COLEY, Nurse for the
Albemarle-Charlottesville Regional
Jail; JOHN ISOM, Superintendent of
the Albemarle-Charlottesville
Regional Jail, in his official and
individual capacities; ROBERT
BEATTY, Deputy Superintendent of
the Albemarle-Charlottesville
Regional Jail, in his official and
individual capacities; ALBEMARLE-
CHARLOTTESVILLE REGIONAL JAIL
AUTHORITY; ALBEMARLE-
CHARLOTTESVILLE REGIONAL JAIL
BOARD; CHERYL A. THOMPSON,
Magistrate for the 16th Judicial
District,
                              *Defendants.*

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-02-75-3; CA-02-72-3; CA-02-78-3)

Argued: November 30, 2005

Decided: March 1, 2006

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by published opinion. Judge Traxler wrote the opinion, in which Judge Niemeyer and Judge Motz joined.

---

**COUNSEL**

**ARGUED:** Helen Eckert Phillips, Stanardsville, Virginia, for Appellants/Cross-Appellees. Neal Lawrence Walters, Charlottesville, Virginia, for Appellee/Cross-Appellant. **ON BRIEF:** Elisabeth M. Ayyildiz, MORIN & BARKLEY, Charlottesville, Virginia; Patrick C. Asplin, KEELER OBENSHAIN, P.C., Charlottesville, Virginia; Cheryl V. Higgins, ST. JOHN, BOWLING & LAWRENCE, Charlottesville, Virginia, for Appellants/Cross-Appellees. Deborah C. Wyatt, WYATT & ARMSTRONG, P.L.C., Charlottesville, Virginia, for Appellee/Cross-Appellant.

---

**OPINION**

TRAXLER, Circuit Judge:

The district court dismissed this wrongful death action on statute of limitations grounds, but dismissed it "without prejudice," in light of a recent decision from the Virginia Supreme Court that effectively revived the limitations period. The defendants appeal, claiming the dismissal should have been with prejudice. The plaintiff cross-appeals, arguing that the district court lacked subject matter jurisdiction due to a flaw in the removal from state court and that the district court abused its discretion in setting aside certain default judgments. We affirm.

I.

This case involves peculiar procedural facts. In October 2000, just prior to the expiration of the two-year limitations period, Kelly Payne filed a wrongful death action in a Virginia state court as the personal representative of Eduardo Calzada (the "First Action"). After almost a year of inaction, Payne had not served any of the defendants with process. One day before the time period for proper service expired,

Payne filed a notice of voluntary dismissal or "nonsuit." However, Payne failed to obtain a nonsuit order from the court as required by Virginia law to toll the statute of limitations. *See* Va. Code Ann. 8.01-229(E)(3) (2005). The First Action therefore remained "active" and on the state court docket. Under Virginia law, had Payne received a nonsuit order, she would have had an additional six months to re-file her claim and remain within the statute of limitations. *See id.*

Payne apparently believed that her nonsuit was proper and that it extended her limitations period. Thus, she re-filed her case in state court in April 2002 (the "Second Action") against the currently named defendants ("Defendants"). Defendants removed the action to district court. It is the Second Action that is currently on appeal before this court.

After Payne filed the Second Action, the defendants in the still-active First Action asked the state court to dismiss the claims with prejudice for failure to serve process. They also objected to the entry of nonsuit. Recognizing her previous error, Payne then requested a nonsuit order. The state court entered the order, but did so *nunc pro tunc*, as though it had been entered on the day Payne thought she requested it, October 22, 2001. The Virginia Supreme Court affirmed, but ruled that the nonsuit order should not have been granted *nunc pro tunc*. *See Brake v. Payne*, 597 S.E.2d 59, 64 (Va. 2004). Thus, on remand, the state court entered an order of nonsuit on July 1, 2004, effectively reviving the statute of limitations for six more months. Payne therefore had until the end of 2004 to re-file her claims and remain within the limitations period.

This left the Second Action in a sort of procedural limbo. Since the date of the nonsuit had been moved from October 22, 2001, to July 1, 2004, the Second Action was technically filed *after* the limitations period had ended, but *before* it was revived. Under these circumstances, the district court felt compelled to dismiss the case on statute of limitations grounds. However, the district court was well aware that the Virginia Supreme Court had effectively revived the limitations period. The district court therefore found itself in the peculiar position of dismissing a case as time-barred but realizing that a new, later action would not be time-barred. As a result, the district court

dismissed the case "without prejudice" pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Defendants appeal, claiming that the district court's Rule 41(b) dismissal should have been with prejudice. Payne cross-appeals, arguing that the district court lacked jurisdiction because of an improper removal and that it abused its discretion by setting aside entries of default against several Defendants.

We review *de novo* any legal interpretation of the scope of Rule 41 of the Federal Rules of Civil Procedure. *See Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 545-46 (4th Cir. 1993). However, we consider decisions that fall within that scope for an abuse of discretion. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). For questions concerning removal to federal court, our standard of review is *de novo*. *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). Finally, we review for an abuse of discretion a district court's decision to set aside an entry of default. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

## II.

We first address Payne's claim of improper removal. The removal statute requires a "defendant *or defendants* desiring to remove any civil action or criminal prosecution from a State court [to] file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 U.S.C.A. § 1446(a) (West 1994) (emphasis added). Payne argues that the district court lacked subject matter jurisdiction because not all defendants joined in the removal to federal court. We disagree.

Failure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process. As a result, a plaintiff who fails to make a timely objection waives the objection. *See* 28 U.S.C.A. § 1447(c) (West Supp. 2005) (explaining that, after removal, any "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days"); *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 78 (8th Cir. 1989) ("Procedural

removal requirements, such as [failure of all defendants to join in removal], are not jurisdictional, and thus a party may waive the right to object to removal on these grounds.") (citing *Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985); *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); and *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

There is no dispute that the district court otherwise had jurisdiction because of the violations of federal law Payne pled in her motion for judgment. There is also no dispute that Payne failed to move for remand within 30 days of the notice of removal. As such, Payne waived her right to object to the removal on the grounds that all defendants did not join in removal. The district court properly retained jurisdiction over the Second Action.

### III.

We now turn to Defendants' argument that the district court should have dismissed Payne's claims with prejudice. Rule 41(b) states that

> *Unless the court in its order for dismissal otherwise specifies*, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (emphasis added). The rule gives the district court discretion to "otherwise specif[y]" that a dismissal is not "an adjudication upon the merits," i.e., that it is a dismissal without prejudice. *Id.* We made this clear in *Shoup v. Bell & Howell Co.*, 872 F.2d 1178 (4th Cir. 1989), when we ruled that a dismissal based upon a ground not enumerated in the rule was an adjudication on the merits because the district court "did not otherwise specify the dismissal to be 'without prejudice,' and the [plaintiffs] failed to move the court . . . to specify that the judgment was 'without prejudice.'" *Id.* at 1180; *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) ("Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal (a dismissal is 'upon the merits,' with the three stated exceptions, unless the court 'otherwise specifies').").

Here, the district court's order explicitly stated that the case was to be dismissed without prejudice and provided clear reasons explaining why this approach was appropriate. Namely, the district court was understandably concerned that a dismissal with prejudice might somehow deny on statute of limitations grounds any claim Payne might refile, despite the Virginia Supreme Court's ruling giving Payne an additional six months to re-file. Rule 41(b) gave the district court this discretion, and, under these circumstances, we cannot say that the district court abused it.

## IV.

Finally, we address Payne's claim that the district court abused its discretion in setting aside the entries of default entered against various Defendants. Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default. Fed. R. Civ. P. 55(c). "The disposition of motions made under Rule[ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court." *Consolidated Masonry*, 383 F.2d at 251.

When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. *See id.*; *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). The district court took these considerations into account when ruling to set aside the entries of default and, on this record, we cannot say that it abused its discretion.

## V.

Because Payne waived any right she may have had to insist that all defendants join in the removal, and because the district court did not abuse its discretion by making its dismissal without prejudice or by setting aside the entries of default, we affirm.

*AFFIRMED*