**Michael D. VICK, Plaintiff,**

v.

**Mary Roy WONG, and Williams and Bullocks, L.L.C., Defendants.**

**Civil Action No. 2:09cv30.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 5, 2009.

Dennis T. Lewandowski, Esq., Paul K. Campsen, Esq., Peter R. Ginsberg, Esq., for Plaintiff.

Mary Roy Wong, pro se.

## MEMORANDUM OPINION AND ORDER

MARK S. DAVIS, District Judge.

This matter is before the Court on plaintiff Michael D. Vick's ("Plaintiff") motion for entry of default judgment, and defendant Mary Roy Wong's ("Wong") motion to set aside entry of default. After examining the motions, associated briefs, and the Complaint, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth in detail below, Plaintiff's motion is **DENIED**, and Wong's motion is **GRANTED**.

### I. Factual & Procedural History

On January 22, 2009, Plaintiff filed a fifteen count complaint, alleging violations of various federal securities laws, common law fraud, breach of contract, breach of fiduciary duty, conversion, and negligence. Neither defendant Williams and Bullocks, L.L.C. ("W & B") nor Wong (collectively "Defendants") filed an answer to the Complaint by the deadline of February 23, 2009, and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ.P.") 55(a), the clerk of the court entered default against Defendants on March 24, 2009. Almost two months later, on May 22, 2009, Plaintiff filed his motion for entry of default judgment. Shortly thereafter, on June 5, 2009, Wong filed an affidavit disputing several of Plaintiff's claims. In her letter attached to the affidavit, Wong asked that her affidavit be considered an opposition brief to Plaintiff's motion and that the entry of default be "vacated." For the reasons stated below, the Court treats the affidavit

submitted by Wong as a motion to set aside default as to Wong, and as an opposition brief to Plaintiff's motion for entry of default judgment as to Wong.[1] On July 24, 2009, Plaintiff submitted a reply brief, which the Court will not consider because it was untimely and Plaintiff did not seek leave of court before submission of such reply brief. This matter is now ripe for review.

### II. Standard of Review

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). Once such "default" is entered, the next step is entry of a "default judgment" resulting from such "default." Rule 55(b)(1) states that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed.R.Civ.P. 55(b)(1). Rule 55(b)(2) states that in all other cases, including the matter currently before this Court, the plaintiff must apply to the court for entry of default judgment, and the court may hold a hearing to conduct an accounting, determine damages, establish the truth of allegations, or investigate other matters in order to help it enter the judgment. Fed. R.Civ.P. 55(b)(2).

■ Rule 55(c) allows the court to "set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). In construing Rule 55(c), the Fourth Circuit Court of Appeals has found that "[t]he disposition of motions made under Rule 55(c) [ ] is a matter which lies largely within the discretion of the trial

---

1. Wong's affidavit attempted to assert some defenses for W & B. However, Wong's affidavit will not be considered a brief in opposition on behalf of W & B or a motion to set aside the default of W & B because a limited liability company ("L.L.C.") such as W & B cannot appear *pro se*, even if represented by one of its members, but must be represented by an attorney. *See United*

*States v. Hagerman*, 545 F.3d 579, 580–81 (7th Cir.2008); *Lattanzio v. Comm. on Massage Therapy Accreditation*, 481 F.3d 137, 138, 140 (2d Cir.2007). Accordingly, Wong may represent herself, but she may not represent W & B. Wong's affidavit is therefore considered to be a motion to set aside default and an opposition brief by her alone, not by W & B.

judge." *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co.*, 383 F.2d 249, 251 (4th Cir.1967). Even where a defendant does not explicitly ask for default to be set aside, a brief in opposition to default judgment will be treated as a request to have default set aside, and will be analyzed under the "good cause" standard. *See FDIC v. Danzig*, 10 F.3d 806, 1993 WL 478842, at *2 (4th Cir.1993) (unpublished table decision) ("Where, as here, a court is ruling upon a plaintiff's application for a default judgment, it properly treats the defendant's opposition as a motion to set aside the entry of default, which is assessed under Rule 55(c)'s good cause standard.") (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981) (holding that "in considering the appellants' opposition to the motion for a default judgment, [it is proper] to apply the Rule 55(c) standard for setting aside the entry of a default")). Therefore, as stated above, Wong's submission will be considered as an opposition brief to Plaintiff's motion for entry of default judgment and as a freestanding motion to set aside default, and will be assessed under the Rule 55(c) "good cause" standard.

■ Although it has not specifically defined "good cause" in the Rule 55(c) context, the Fourth Circuit has noted that district courts should consider (1) whether the defendant has a meritorious defense or counterclaim; (2) the defaulting party's culpability for the default; (3) the prejudice to the non-moving party; and (4) the availability and effectiveness of sanctions less drastic than default. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir.2006). The Fourth Circuit has also directed that the four criteria above be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987).

■ "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969). In addition, "the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad

faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir.1993) (unpublished table decision).

## III. Discussion

### A. Setting Aside Entry of Default Against Wong

The Court first turns to Wong's request that the entry of default be "vacated," which is construed as a motion to set aside entry of default. "Good cause" must exist before such a motion is granted. Fed.R.Civ.P. 55(c). After liberally construing the "good cause" factors in Wong's favor, as required of the Court, and resolving all doubts in favor of hearing the case on the merits, the Court must determine whether the entry of default against Wong should be set aside so that the case may be heard on the merits. *Lolatchy*, 816 F.2d at 954. The Court considers the "good cause" factors below.

### 1. Merits of Wong's Defense

■ The Fourth Circuit has stated that "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251. Furthermore, courts have discretion to determine whether a proffered defense or counterclaim is meritorious. *Bank of Southside Va. v. Host & Cook, L.L.C.*, 239 F.R.D. 441, 445 (E.D.Va. 2007) (citations omitted). A meritorious defense requires "a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811–12 (4th Cir.1988) (citations omitted).

Wong has asserted multiple potentially meritorious defenses in her affidavit. For example, Plaintiff alleges that Wong failed to account for Plaintiff's funds and keep records of Plaintiff's transactions, (Compl., ¶¶ 42–43, Dkt. No. 1), but Wong asserts that she kept detailed records of all transactions. (Wong Aff., ¶ 21, Dkt. Nos. 12, 13). Plaintiff alleges

that Wong was hired to manage Plaintiff's investments and had a duty to protect those investments, (Compl., ¶¶ 11, 23–29, Dkt. No. 1), but Wong asserts that she was never hired as Plaintiff's financial manager and never managed Plaintiff's money. (Wong Aff., ¶¶ 2–12, Dkt. Nos. 12, 13). Plaintiff alleges that Wong violated certain provisions of the Virginia Code, (Compl., ¶¶ 102–06, Dkt. No. 1), which Wong denies. (Wong Aff., ¶¶ 39, Dkt. Nos. 12, 13). Plaintiff additionally alleges that Wong personally engaged in deception, fraud, and conversion, (Compl., ¶¶ 40, 46–47, 51–52, 64, Dkt. No. 1), but Wong claims she was only acting under the direction of other advisors and attorneys who had the authority to transfer Plaintiff's funds. (Wong Aff., ¶¶ 11–13, 20, 22–29, Dkt. Nos. 12, 13).

Plaintiff asserts that much of the evidence supporting his allegations was gathered during an examination of Wong under Rule 2004 of the Federal Rules of Bankruptcy Procedure. (Plaintiff's Br., Ex. A, Ginsberg Aff., ¶¶ 4–6, Dkt. No. 10). However, Plaintiff did not submit any transcript of such examination. As a result, the Court is somewhat restricted in its ability to weigh Wong's proffer of evidence against Plaintiff's assertions in the Ginsberg affidavit. Therefore, in liberally construing the factors supporting "good cause," the Court finds that Wong has proffered a sufficiently meritorious defense at this stage and this factor weighs in her favor.

### 2. Reasonable Promptness

When analyzing "good cause," a district court also considers the party's responsibility for the default, including whether the party took reasonably prompt action. *See Payne ex rel. Estate of Calzada*, 439 F.3d at 204–05. Reasonable promptness is evaluated "in light of the facts and circumstances of each occasion," with much deference being given to the exercise of discretion by the trial judge. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). For example, the Fourth Circuit has allowed a case to be heard on the merits even though the moving party delayed ten months before filing its motion to set aside default. *Lolatchy*, 816 F.2d at 952–54.

Wong did not act with reasonable promptness with regard to the entry of default, as nothing was received from her until she filed an affidavit more than two months after default was entered. Yet Wong did respond promptly to Plaintiff's motion for entry of default judgment filed on May 22, 2009, as her affidavit was filed only a few weeks thereafter. Although Wong did not act promptly regarding the entry of default, the fact that she responded promptly to Plaintiff's motion for entry of default judgment weighs in her favor, even though she is ultimately responsible for the default in this case. Considering that doubts should be resolved in favor of setting aside default, the fact that her affidavit was filed shortly after Plaintiff's motion for entry of default judgment is enough for this factor to weigh in her favor.

### 3. Prejudice to the Non–Moving Party

"To determine if the non-defaulting party was prejudiced, courts examine whether the delay [caused by the default]: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Burton v. The TJX Cos., Inc.*, No. 3:07–CV–760, 2008 WL 1944033, at *4 (E.D.Va. May 1, 2008) (citation omitted). The first two factors are given the most weight, and delay and inconvenience alone are insufficient to cause prejudice. *Id.* (citations omitted). The Fourth Circuit has held that the non-moving party on a motion to set aside default is not prejudiced when the moving party only delayed a few months. *Lolatchy*, 816 F.2d at 953. On the other hand, the Fourth Circuit has recognized that, where a case is proceeding to trial on other claims, there is prejudice when setting aside default as to a separate claim would result in lack of time to investigate counterclaims, interfere with the discovery deadline, and postpone the trial date. *Carbon Fuel Co. v. USX Corp.*, 153 F.3d 719, 1998 WL 480809, at *4 (4th Cir.1998) (unpublished table decision).

Plaintiff has not demonstrated that he would be prejudiced by a decision to set aside default and let the matter proceed. Plaintiff has not shown that he has been hindered in presenting evidence or proceeding to trial, which are the more important factors for consideration. Evaluation of the third and fourth factors also fails to demonstrate prejudice, as Plaintiff's discovery efforts have not been hampered by the delay, nor is it apparent at this point that Wong has used the delay to commit fraud. Though it is possible that Plaintiff would be prejudiced by having to shoulder the continuing costs of litigation if this default is set aside, that is an inconvenience not rising to the level of prejudice. *See Carbon Fuel,* 153 F.3d 719, 1998 WL 480809, at *4. Furthermore, Plaintiff failed to timely respond to Wong's motion—a fact that calls into question the existence of prejudice. For these reasons, and the fact that the delay has only been a few months, Plaintiff has failed to establish that he would suffer any prejudice if default is set aside and the matter proceeds on the merits. Accordingly, this factor weighs in Wong's favor.

#### 4. Alternative Sanctions

A district court should also consider whether there are any sanctions less drastic than a default that are both available and effective. *Payne,* 439 F.3d at 204–05. Courts have commonly imposed alternative monetary sanctions on attorneys who are responsible for a party's default. *See GNB, Inc. v. Tropex, Inc.,* 849 F.2d 605, 1988 WL 60618, at *2 (4th Cir.1988) (unpublished table decision) (alternative sanction of attorney's fees appropriate where attorney is at fault for delay); *Lolatchy,* 816 F.2d at 953–54 (holding district court abused its discretion by entering default judgment where attorney caused delay, and sanctions short of default such as costs, attorney's fees, or contempt of court would have likely cured the attorney's failure to respond); *Smith v. Bounds,* 813 F.2d 1299, 1304 (4th Cir.1987) (contempt sanctions appropriate as an alternative to default judgment where attorney is to blame for delay); *Flora v. JPS Elastomerics,* No. 4:08cv31, 2009 WL 1956495, at *5 (W.D.Va. July 7, 2009) (imposing alternative sanction of costs, attorney's fees, and a prohibition that the party not assert the statute of limitations as a defense).

Here, neither party has suggested alternative sanctions. The most common alternative sanction, assessing attorney's fees on the tardy attorney, is not possible here, as Wong has no attorney who can be blamed for the delay and against whom sanctions could be assessed. The Court could require Wong individually to pay Plaintiff's court costs and fees, but will decline to do so because such monetary sanctions would not be "effective," considering that Wong does not likely need any more monetary incentive to defend the charges against her. Though there are alternative sanctions to default that are available, the Court finds that such alternative sanctions would not be effective. Therefore, this factor weighs in favor of setting aside default.

#### 5. Summary of the Factors

The Court is required to liberally construe the "good cause" criteria and resolve all doubts in favor of setting aside default in order to allow the party against whom default has been entered to defend on the merits and avoid the "extreme sanction" of default. Three factors weigh slightly in favor of setting aside default: Wong has been somewhat prompt when responding, alternative sanctions are available, though not effective, and Plaintiff has not asserted any substantive prejudice. But most importantly, the fourth factor weighs heavily in favor of setting aside default, as Wong has proffered multiple potentially meritorious defenses. For the reasons stated above, this Court will set aside default as to Wong and will allow Wong to proceed to defend this action. Wong's motion to set aside default is **GRANTED.** Because default will be set aside as to Wong, Plaintiff's request for default judgment will necessarily be **DENIED** as to Wong, and this case will be allowed to proceed on the merits as to Wong.

### B. Default Judgment Against Williams and Bullocks, L.L.C.

Because W & B has not filed an opposition brief to Plaintiff's motion for entry of default judgment, and has not otherwise moved to set aside default, default remains in

place as to W & B. The question remains, however, whether default judgment as to W & B is appropriate when there is potential joint liability by a co-defendant, Wong, who is proceeding to defend on the merits.

In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), the Supreme Court cautioned that in order to avoid logically inconsistent judgments, default judgment should not be entered against defaulting defendants in a joint liability situation as long as one or more defendants are still defending on the merits. *Frow*, 82 U.S. at 554, 82 U.S. 552. Subsequently, Rule 54(b) was enacted, providing that "[w]hen multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more ... parties *only if the court expressly determines that there is no just reason for delay.*" Fed.R.Civ.P. 54(b) (emphasis added). The Fourth Circuit has held that Rule 54(b) broadens the joint liability rule from Frow so that "just reason for delay" now includes preventing inconsistent judgments in situations in which multiple defendants are jointly *and/or severally liable. See United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir.1967) (emphasis added).

▮▮▮ Rule 54(b) also authorizes a delay in entry of judgment for the "just reason" of avoiding "logically inconsistent judgments in the same action." *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582 (E.D.Va.2000) (holding that Rule 54(b) applies when "plaintiff's theory of recovery against [one defendant] is largely subsumed by its theory of recovery against [the other] defendant" even though there was no formal joint liability). A logically inconsistent judgment results when, of two "similarly situated" defendants, one defendant successfully defends on the merits and the other defendant suffers a default judgment in the same action. *See Jefferson v. Briner, Inc.*, 461 F.Supp.2d 430, 434, 435 n. 7 (E.D.Va.2006); *Phoenix Renovation*, 197 F.R.D. at 583–84; *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984).

Plaintiff alleges that Wong and W & B are jointly liable. Therefore, an inconsistent judgment might result if Wong successfully defended on the merits while default judgment was entered against W & B. Furthermore, Plaintiff's Complaint includes counts against Wong individually, and other counts against both Wong and W & B, but no counts against W & B alone on which the Court would be able to grant default judgment without consideration of Wong's defense. Because consideration of Wong's defenses is intertwined with the liability of W & B, and because of the potentially inconsistent results described above, Plaintiff's motion for entry of default judgment against W & B is stayed. *Frow*, 82 U.S. at 554 (recognizing default judgment not appropriate when joint liability alleged and one party still defending).

As noted above, the joint liability considerations expressed in *Frow* were extended in *Peerless* to allegations of several liability. In addition to joint liability by Wong and W & B, Plaintiff alleges several liability by Wong and W & B. Plaintiff's motion for entry of default judgment should *also* be stayed because, just as with his allegations of joint liability discussed above, Plaintiff's allegations of several liability against Wong and W & B may result in inconsistent judgments. *Peerless*, 374 F.2d at 943.

Even had there been no allegations of joint and several liability, there are other reasons for staying consideration of Plaintiff's motion for entry of default judgment as to W & B. Just as the "similarly situated" defendants in *Phoenix Renovation* caused a risk of inconsistency that delayed default judgment, the multiple allegations of monetary transfers and intertwined actions of Wong and W & B in this matter would cause similar inconsistency unless judgment is stayed until Wong attempts to defend on the merits. Plaintiff alleges that Wong owns a twenty-five percent share in W & B, which supports the characterization of Wong and W & B as "similarly situated." (Compl., ¶ 15, Dkt. No. 1). Additionally, the defenses of Wong and W & B to Plaintiff's charges may be very similar. For example, Wong asserts that she and W & B together maintained detailed records of transactions related to Plaintiff's funds, (Wong Aff., ¶ 21, Dkt. Nos. 12, 13), that neither she nor W & B violated securities laws, (*Id.* ¶ 38), and that neither she nor W &

B acted as a financial advisor. (*Id.* ¶ 40). Therefore, the defendants in this matter are "similarly situated" such that entering default judgment against W & B now "risks unavoidable inconsistency" if Wong succeeds on the merits. *See Phoenix Renovation,* 197 F.R.D. at 583.

Because Wong and W & B have similar defenses, are "similarly situated," and are alleged to be jointly and/or severally liable, there is the risk of an inconsistent judgment if default judgment is entered against W & B at this time. Therefore, finding that there is "just reason" for delay in entering final judgment against W & B, Plaintiff's motion for entry of default judgment against W & B will be **STAYED** pending resolution of the case against Wong on the merits.

## IV. Conclusion

For the above reasons, the Court finds that the entry of default against Wong should be set aside, and therefore correspondingly finds that the entry of default judgment against Wong is inappropriate at this time. Wong's motion to set aside entry of default is **GRANTED.** Plaintiff's motion for entry of default judgment is **DENIED** as to Defendant Wong. Because default has been set aside, Wong must respond to Plaintiff's Complaint. Therefore, Wong is **ORDERED** to respond to Plaintiff's Complaint, and such response must be received by the Clerk of the Court by no later than 5:00pm on August 31, 2009.

Wong is reminded that *pro se* litigants are subject to the same rules as counsel, and that her claims may be dismissed should she fail to comply with future deadlines. Local Civil Rule 7(H) requires that "[a]fter the filing of the complaint, all pleadings, motions, briefs, and filings of any kind must be timely filed with the Clerk's Office of the division in which the case is pending." E.D. Va. Loc. Civ. R. 7(H). Local Civil Rule 7(F) provides in part that "[a]ll motions, unless otherwise directed by the Court and except as noted hereinbelow in subsection 7(F)(2), shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F). Local Civil Rule

7(A) provides that "[a]ll motions shall state with particularity the grounds therefor and shall set forth the relief or order sought." E.D. Va. Loc. Civ. R. 7(A). In order to properly file her response to the Complaint, Wong must send a signed, original copy of her response to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Wong is also required to simultaneously mail a copy of her response to opposing counsel. Wong's response must include a statement that certifies to the court that Wong has in fact mailed a copy of her response to opposing counsel. Wong is **REMINDED** and **WARNED** that all statements made to this Court in pleadings, motions, briefs and filings of any kind must be completely truthful and accurate. *See* Fed.R.Civ.P. 11.

The default as to W & B remains in place, but in light of the need to avoid a possible inconsistent judgment, Plaintiff's motion for entry of default judgment as to Williams and Bullocks, L.L.C. is **STAYED** pending resolution of the suit against Wong on the merits.

The Clerk is **REQUESTED** to send a copy of this Memorandum Opinion and Order to counsel of record for Plaintiff, and to Mary Roy Wong and Williams and Bullocks, L.L.C.

**IT IS SO ORDERED.**