Aamid Hasan **DUCKETT, Plaintiff,**

v.

**SCP 2006–C23–202, LLC, South Carolina CVS Pharmacy, L.L.C., Palmetto Pharmacy Enterprises, LLC, Ortho– McNeil Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceutical, Inc. and/or Janssen, L.P., and Johnson & Johnson, Inc., Defendants.**

**Civil Action No.: 9:15–cv–2922–RMG**

United States District Court,
D. South Carolina, Charleston Division.

Signed 10/15/2015

**434**

John E. Parker, William Franklin Barnes, III, Peters Murdaugh Parker Eltzroth and Detrick, Hampton, SC, for Plaintiff.

Amanda S. Kitts, David Eidson Dukes, James F. Rogers, John Mark Jones, Nelson Mullins Riley and Scarborough, Columbia, SC, Gregg W. Mackuse, Heather C. Giordanella, Drinker Biddle and Reath, Philadelphia, PA, for Defendants.

## ORDER

Richard Mark Gergel, United States District Court Judge

This matter comes before the court on Plaintiff's motion to remand (Dkt. No. 10), Plaintiff's motion to strike (Dkt. No. 14), and Defendant Palmetto Pharmacy Enterprises, LLC's motion to dismiss (Dkt. No. 23). For the reasons below, this Court denies Plaintiff's motion to remand, dismisses Defendants South Carolina CVS Pharmacy, LLC and Palmetto Pharmacy, denies Plaintiff's motion to strike as moot, and denies Defendant Palmetto Pharmacy's motion to dismiss as moot.

### I. Background

Plaintiff's complaint states that he was prescribed Risperdal as a young child to help him sleep and for other psychiatric problems. The drug allegedly made Plaintiff lethargic and caused him to develop female-type breasts (gynecomastia). Defendants South Carolina CVS Pharmacy, LLC and Palmetto Pharmacy (the "Pharmacy Defendants") filled his prescriptions during this period, which spanned from 2006–2009. Ortho–McNeil Janssen and Johnson & Johnson (the "Pharmaceutical Defendants") manufactured and sold the drug. (Dk. No. 1–1 at 2–3).

Plaintiff initiated this action on June 19, 2015, by filing suit against Defendants in the Court of Common Pleas in Hampton County, South Carolina. (Dkt. No. 1–1). His original complaint alleged causes of action for negligence, strict liability, breach of warranties, and collateral estoppel.

On July 27, 2015, the Pharmaceutical Defendants filed a notice of removal. (Dkt. No. 1). Although Plaintiff and the Pharmacy Defendants are South Carolina residents, the Pharmaceutical Defendants claim that removal is proper because Plaintiff fraudulently joined the Pharmacy Defendants. On August 14, 2015, Plaintiff filed an amended complaint that dropped the strict products liability claim against the Pharmacy Defendants and added a negligence claim against them. (Dkt. No 9). On August 18, 2015, Plaintiff filed a motion to remand. (Dkt. No.10).

On August 20, 2015, Defendant CVS Pharmacy filed an answer to the amended complaint. (Dkt. No. 12). Plaintiff then filed a motion to strike CVS Pharmacy's answer as untimely, arguing that Defendant CVS Pharmacy never responded to the initial complaint or the notice of removal. (Dkt. No. 14). Finally, Defendant Palmetto Pharmacy filed a motion to dismiss for failure to state a claim, alleging that Plaintiff failed to satisfy certain statutory requirements for bringing a negligence claim and that Plaintiffs could not maintain an action for a breach of warran-

ty against a pharmacy because pharmacies are service providers, not sellers. (Dkt. No. 23 and 23–1).

## II. Motion to Remand

■ Plaintiff has filed a motion to remand the case to state court. (Dkt. No. 10). As the removing party, defendants bear the burden of demonstrating that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). Here, the Pharmaceutical Defendants claim that federal jurisdiction is proper pursuant to 28 U.S.C. § 1332. (Dkt. No. 1 at 5).

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over any claim where the parties are diverse and the amount in controversy requirement is met. Although Plaintiffs' complaints do not specify an amount-in-controversy, the Court is satisfied that his complained of medical injuries and the relief he seeks meet the $75,000 amount-in-controversy requirement. See Mattison v. Wal–Mart Stores. Inc., No. 6:10–CV–01739–JMC, 2011 WL 494395, at *1–*2 (D.S.C. Feb. 4, 2011) (noting that district courts in South Carolina have required removing defendants to show that the amount-in-controversy requirement was satisfied either to a legal certainty or a reasonable probability). Accordingly, the only question this court must answer to determine whether removal is proper is whether the parties are diverse.

■ Plaintiff and the Pharmacy Defendants are residents of South Carolina and the Pharmaceutical Defendants are foreign residents. Such absence of total diversity would typically be fatal to the removal of a diversity case because the district court would lack jurisdiction. But under the doctrine of fraudulent joinder, the district court may effectively "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).

■ "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted) (emphasis in original). Because the Pharmaceutical Defendants do not allege fraud, this Court focuses on whether Plaintiff can establish a cause of action against the Pharmaceutical Defendants in South Carolina state court.

■ Plaintiff's original complaint[1] alleged, at most, causes of action against the Pharmacy Defendants for strict liability and breach of warranties. (Dkt. No. 1–1 at 4). As a preliminary matter, Plaintiff cannot maintain a cause of action against the Pharmacy Defendants for strict liability. In Madison v. American Home Products Corporation, the Supreme Court of South Carolina held that because pharmacies are "health care providers" engaged in a service rather than sellers of a good, they were relieved of strict products liability. 358 S.C. 449,595 S.E.2d 493, 495 (2004). By this same logic, this Court holds that, as a

---

1. After the Pharmaceutical Defendants filed the notice of removal, Plaintiff filed an amended complaint that shifted the causes of action that it alleged against the various defendants. The amended complaint is irrelevant to this Court's jurisdictional analysis. Pinney v. Nokia. Inc., 402 F.3d 430, 443 (4th Cir. 2005) ("Because amendment occurred after removal, we look at the original complaints rather than the amended complaints in determining whether removal was proper.").

service provider rather than a seller, a pharmacy cannot be held liable for a breach of warranty. That cause of action necessarily requires the existence of a buyer-seller relationship.[2] See, e.g., S.C. Code Ann. § 36–2–314. Accordingly, this court holds that Plaintiff's original complaint does not maintain a cause of action against the Pharmacy Defendants. Therefore, the joinder of the Pharmacy Defendants is fraudulent, this Court has jurisdiction, the Pharmacy Defendants are dismissed, and Plaintiffs' motion to remand is denied.

### III. Motion to Strike

■ Plaintiff filed a motion to strike CVS Pharmacy's answer to Plaintiff's amended complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Dkt. No. 14). The court denies this motion as moot based on its dismissal of Defendant CVS Pharmacy pursuant to the fraudulent joinder doctrine. But even if this court were not to find the motion to be moot, it would still deny the motion.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The crux of Plaintiff's argument is that CVS Pharmacy's answer is "untimely, . . . immaterial and impertinent" because CVS Pharmacy failed to respond to either the initial state court complaint or the notice of removal within the respective time limits. (Dkt. No. 14 at 4).

Defendant CVS Pharmacy does not dispute that it did not timely answer or otherwise plead in response to Plaintiff's original complaint. The normal procedure for addressing a party in default is that the plaintiff moves for an entry of default, which is granted by the clerk. Fed. R. Civ. P. 55(a). After the entry of default, the plaintiff may move for a default judgment before the Court. Fed. R. Civ. P. 55(b)(2). The non-responding defendant can then move to set aside the default, which the Court may grant upon a showing of "good cause." Fed. R. Civ. P. 55(c).

■ The Fourth Circuit has long indicated that it has a strong preference that defaults be avoided and that claims and defenses be disposed of on the merits. See Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967). When addressing a motion to set aside an entry of default, the Court should consider: (1) whether the moving party has a meritorious defense; (2) whether the party acts with reasonable promptness upon discovery of its untimely response; (3) the personal responsibility of the defaulting party; (4) the prejudice to the moving party; (5) whether there is a history of dilatory conduct; and (6) whether sanctions less drastic are available. Payne ex rel Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (2006).

Defendant CVS Pharmacy has satisfied the Court that it has potentially meritorious defenses, responded promptly upon learning of its failure to respond to the original complaint, and has no history in this litigation of dilatory conduct. Further, the Plaintiff cannot demonstrate any real prejudice since he filed an amended complaint, which Defendant CVS Pharmacy timely answered. Therefore, under the circumstances presented here, the Court

**2.** Plaintiff's argument that this Court should strictly construe the South Carolina Supreme Court's holding in Maidson to apply only to strict liability is unavailing. The Supreme Court defined pharmacies as service providers rather than sellers by expressly referencing the South Carolina Pharmacy Act, S.C. Code Ann. § 40–43–10 which states that "[t]he practice of pharmacy shall center around the provision of pharmacy care services and assisting the patient to achieve optimal therapeutic outcomes."

would deny Plaintiff's motion to strike Defendant CVS Pharmacy's answer to the amended complaint if it were to reach a decision on the merits.

### IV. Motion to Dismiss

■ Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Palmetto Pharmacy moved to dismiss the negligence and breach of warranty claims Plaintiff brought against it in the amended complaint. (Dkt. No. 23). Because this Court has already dismissed Defendant Palmetto Pharmacy pursuant to the fraudulent joinder doctrine, it now denies Palmetto Pharmacy's motion to dismiss as moot.

This Court would still dismiss Defendant Palmetto Pharmacy if it were to reach the merits of the motion to dismiss. Plaintiff alleges both negligence and breach of implied warranty claims against Palmetto Pharmacy. Plaintiff fails to state a claim for breach of implied warranty against Palmetto Pharmacy because under South Carolina law, pharmacies are service providers, not sellers.

■ Turning next to the negligence claim, Palmetto Pharmacy argues that this Court must dismiss the claim because Plaintiff failed to adhere to the statutory requirements that mandate certain pre-filing procedures for medical malpractice claims. See S.C. Code Ann. § 15–79–125 (requiring, among other things, a notice of intent to file suit as a prerequisite to filing action); S.C. Code Ann. § 15–36–100 (requiring an expert witness affidavit to accompany the complaint). If a claim fails to satisfy these requirements and does not fall into an applicable exception, it must be dismissed for failure to state a claim. See Millmine v. Harris, No. CA 3:10–1595–CMC, 2011 WL 317643, at *2 (D.S.C. Jan. 31, 2011) ("The South Carolina Code sections relating to professional negligence claims are the substantive law of South Carolina.").

Plaintiff's argument is that its negligence action for "failure to warn that Risperdal was not FDA approved for Plaintiff's use and failure to warn of the side effects of such off-label use" falls outside of the ambit of §§ 15–79–125 and 15–36–100. (Dkt. No. 30 at 4). The Court, however, finds such claims fall squarely within § 15–79–125. In South Carolina, medical malpractice "means doing that which the reasonably prudent health care provider or health care institution would not do or not doing that which the reasonably prudent health care provider or health care institution would do in the same or similar circumstances." S.C. Code Ann. § 15–79–110(6). Pharmacists are healthcare providers. Id. § 15–79–110(3).

Because Plaintiff cannot state a claim for breach of warranty and has failed to adhere to the substantive statutory requirements for filing a negligence action against pharmacists, the Court would grant Defendant Palmetto Pharmacy's motion to dismiss if it were to reach a decision on the merits.

### V. Conclusion

For the abovementioned reasons, this Court **DENIES** Plaintiff's motion to remand (Dkt. No. 10), **DISMISSES** Defendants South Carolina CVS and Palmetto Pharmacy, **DENIES** Plaintiff's motion to strike as moot (Dkt. No. 14), and **DENIES** Defendant Palmetto Pharmacy's motion to dismiss as moot (Dkt. No. 23).

**AND IT IS SO ORDERED.**